UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

  -vs-                                                  Case No. 1:20-cr-01963-JCH

MICHAEL PRUDHOMME,

        Defendant.

### ORDER GRANTING MOTION TO RECONSIDER ORDER GRANTING PRETRIAL DETENTION

**THIS MATTER** is before the Court on defendant Michael Prudhomme's Motion to Reconsider Order Granting Pretrial Detention, filed on February 14, 2024. Doc. 116. The government does not oppose Mr. Prudhomme's motion so long as he is released on "zero tolerance." *Id.* at 1. U.S. Pretrial Services opposes the motion. *Id.* at 7; Doc. 118. For the following reasons, the Court GRANTS the motion.

      A criminal complaint was filed against Mr. Prudhomme on February 12, 2021, alleging that he was a prohibited person in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(4). Doc. 1 in Case No. 21-MJ-00210-BPB. Mr. Prudhomme originally was released on conditions, but he eventually absconded from the halfway house on or about September 24, 2021. *See* Doc. 35 in Case No. 21-MJ-00210-BPB. On December 21, 2021, Mr. Prudhomme was indicted in a superseding indictment in this case, cause number 20-CR-01963-JCH, and a warrant was issued for his arrest. Doc. 49. While the charges differed, the course of conduct encompassed by the superseding indictment included the incident that was charged in the criminal complaint, and the criminal complaint was dismissed. *See* Docs. 42, 43 in Case No. 21-MJ-00210-BPB. The

superseding indictment charged Mr. Prudhomme in Count 1, and Mr. Prudhomme and a codefendant in Count 2, with distribution of fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and aiding and abetting (in Count 2 only), in violation of 18 U.S.C. § 2.  Doc. 49.  Count 3 charged both defendants with conspiracy to distribute fentanyl, in violation of 21 U.S.C. § 846.  *Id.*  Count 5 charged both defendants with conspiracy to carry a firearm in furtherance of a drug trafficking crime and possessing a firearm in furtherance of such crime, in violation of 18 U.S.C. § 924(o).  *Id.*

Mr. Prudhomme was arrested on April 6, 2022.  I ordered that Mr. Prudhomme be detained based primarily on the fact that Mr. Prudhomme absconded from La Pasada and his whereabouts were unknown for several months.  Doc. 56.  I therefore found by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Mr. Prudhomme's appearance as required.  *Id.*  Mr. Prudhomme has been in custody since April 6, 2022—more than 22 months.

Mr. Prudhomme now asks the Court to reconsider its order of detention or reopen the detention hearing because (1) the parties have learned that Mr. Prudhomme's likely sentence, if convicted, will be anywhere between 12 and 24 months, which is substantially lower than previously thought, and (2) Mr. Prudhomme has undergone significant psychological evaluation and treatment, and both he and his lawyer better understand how to cope with release to a halfway house.  *See* Doc. 116 at 2–4, 6–7.

A court may grant a motion to reconsider only if it has misapprehended the facts or law, a party's position, or to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them.

*United States v. Randall*, 666 F.3d 1238, 1241–42 (10th Cir. 2011).  Mr. Prudhomme has made no argument that the Court misapprehended anything at the original detention hearing, or that it clearly erred in detaining Mr. Prudhomme.  *See* Doc. 116.  Mr. Prudhomme does argue, however (albeit perhaps not explicitly), that he should be released to prevent manifest injustice.  Mr. Prudhomme already has served in pretrial custody his likely sentence if he is convicted, yet he can neither proceed to trial nor plead guilty until he is determined to be competent.  The competency hearing is not scheduled until May 29, 2024.  The government agrees that Mr. Prudhomme should be released on strict conditions so that he does not serve more time in custody based on the litigation of the competency issue than he would if competency were not at issue.  Further, the parties agree that if Mr. Prudhomme is found not to be competent, the likely result would be that the criminal case against Mr. Prudhomme would be dismissed.  The Court agrees with this assessment; Mr. Prudhomme should be released on strict conditions so that he does not serve more time in custody than he would likely serve if competency were not at issue.

   I also find it appropriate to reopen Mr. Prudhomme's detention hearing, even if reconsideration is not strictly appropriate.  A judicial officer may reopen a detention hearing if she "finds that information exists that was not known to the movant [Mr. Prudhomme] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."  18 U.S.C. § 3142(f)(2).  Here, when the Court originally detained Mr. Prudhomme, the parties were not aware of the likely sentence Mr. Prudhomme was facing, nor were they aware of the psychological challenges he was facing and that his competency would take so long to determine.  Because both factors have a material bearing on whether Mr. Prudhomme poses a flight risk or a danger to the community, reopening the

detention hearing is appropriate. The Court still, however, must consider whether adequate conditions may be fashioned to reasonably assure the safety of any other person and the community, and also to reasonably assure defendant's appearance as required.

The Court notes that pretrial services originally recommended that Mr. Prudhomme be released to La Pasada despite three arrests for domestic violence-related charges and poor compliance with state-ordered supervision. *See* Doc. 11 in Case No. 21-MJ-00210-BPB. Despite these arrests, Mr. Prudhomme never has been convicted of a crime. *See id.* After several modifications to his release conditions, Mr. Prudhomme eventually absconded from La Pasada. Now, after having served more than 22 months in custody, Mr. Prudhomme has tremendous incentive to comply with his conditions of release, given that he already has served his likely sentence if he is convicted. The structure of the halfway house will help Mr. Prudhomme comply with the conditions imposed on him and reasonably assure both the safety of the community and Mr. Prudhomme's appearance at future proceedings. Mr. Prudhomme's time in custody has helped him learn how to manage himself in a highly structured setting. Mr. Prudhomme knows that if he fails to comply with his conditions of release, he likely will be returned to custody and will have to serve more time in jail than he likely would have to serve even if he is convicted at trial. Mr. Prudhomme is in good contact with his lawyer, and his lawyer is working to find Mr. Prudhomme services that will address his psychological limitations and needs. Mr. Prudhomme also is taking medication for his current condition, which should help him to conduct himself appropriately.

**IT IS THEREFORE ORDERED** that defendant Michael Prudhomme's Motion to Reconsider Order Granting Pretrial Detention (Doc. 116) is granted. Mr. Prudhomme will be

released to the La Pasada Halfway House under the conditions stated at today's hearing as soon as a bed becomes available for him.

DATED this 21st day of February 2024

_____
Laura Fashing
United States Magistrate Judge